UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

WILLIAM K. FOSTER,   Case No. 1:13-cv-418

    Plaintiff,   Spiegel, J.
                                              Bowman, M.J.

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

**REPORT AND RECOMMENDATION**

Plaintiff William Foster filed this Social Security appeal in order to challenge the Defendant's finding that he was not disabled. *See* 42 U.S.C. §405(g). Proceeding through counsel, Plaintiff presents two claims of error for this Court's review. As explained below, the ALJ's finding should be REVERSED, because it is not supported by substantial evidence in the administrative record.

**I. Summary of Administrative Record**

Plaintiff filed applications for Disability Insurance Benefits ("DIB") and for Supplemental Security Income ("SSI") in July 2010, alleging that he became disabled on May 12, 2010 due to a combination of mental and physical impairments. (Tr. 20). Plaintiff's applications were denied initially and upon reconsideration, and he timely requested an evidentiary hearing. On March 6, 2012, Plaintiff, through counsel, appeared and testified at a hearing room in Portsmouth, Ohio, where he participated in an evidentiary hearing conducted by video conference and held before Administrative

Law Judge ("ALJ") George Gaffaney in Chicago, Illinois.[1] (Tr. 42-44). An impartial vocational expert ("VE") also appeared and testified. On May 3, 2012, the ALJ issued an unfavorable written decision. (Tr. 17-28). The ALJ determined that Plaintiff has the following severe impairments: "type II diabetes with neuropathy, obesity, depression, and anxiety." (Tr. 22). However, he held that Plaintiff does not have an impairment or combination of impairments that would meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appx. 1. (*Id.*). Instead, he found that Plaintiff retains the residual functional capacity ("RFC") to perform a range of unskilled light work, with the following additional limitations:

> The claimant can lift 20 pounds occasionally and 10 pounds frequently; stand and sit for 6 hours each in an 8-hour workday; walk 50 yards at a time; only occasionally stoop, balance, kneel, crouch, crawl, and climb stairs and ladders; perform simple routine work involving only occasional changes in a work setting and only occasional interaction with the public.

(Tr. 23).

The ALJ concluded that the referenced RFC precluded Plaintiff's past relevant work as a utility worker. (Tr. 26). Plaintiff was "a younger individual age 18-49" on his alleged disability onset date. Considering the Plaintiff's age, 12th grade education, work experience, and residual functional capacity, and based upon testimony from the VE and the record as a whole, the ALJ determined that Plaintiff could still perform jobs that exist in significant numbers in the national economy. (Tr. 26). The Appeals Council denied Plaintiff's request for further review; therefore, the ALJ's decision remains as the final decision of the Commissioner.

---

[1]The full hearing transcript was not included in the administrative record, a fact noted by the Plaintiff in his Statement of Errors, but as to which Defendant made no response. A staff member to the undersigned also contacted counsel to request that the error be corrected if possible, but received no response.

On appeal to this Court, Plaintiff maintains that he is disabled due to his diabetes, depression, anxiety, and hypertension. He argues that the ALJ committed at least two errors: (1) by failing to adequately address his limitations in the areas of concentration, stress tolerance, persistence, and pace; and (2) by failing to adequately explain the basis for his adverse credibility finding. The undersigned finds merit to both arguments and therefore recommends remand for further review.

## II. Analysis

### A. Judicial Standard of Review

To be eligible for benefits, a claimant must be under a "disability." *See* 42 U.S.C. §1382c(a). Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to prevent the applicant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *See Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986).

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal quotation omitted). In conducting this review, the court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion . . . . The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts. If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.* (citations omitted).

In considering an application for supplemental security income or for disability benefits, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the Commissioner determines whether or not the claimant can still perform his past relevant work; and finally, at Step 5, if it is established that claimant can no longer perform his past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant can perform exist in the national economy. *See Combs v. Com'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§404.1520, 416.920. A plaintiff bears the ultimate burden to prove by sufficient evidence that he is entitled to disability benefits. 20 C.F.R. §404.1512(a).

**B. Specific Errors**

**1. Psychological Impairments**

Plaintiff argues that the ALJ erred by failing to include sufficient work limitations related to Plaintiff's psychological impairments. No mental functional capacity opinions appear to have been offered from any treating or examining source, and Plaintiff did not

4

undergo a consultative examination. During the initial evaluation of Plaintiff's disability application in September 2010 and on reconsideration in December 2010, however, two non-examining consulting physicians or psychologists[2] found that Plaintiff would experience "moderate" limitations of concentration, persistence, pace, stress tolerance, and social functioning based upon his anxiety and depression. (Tr. 54, 75). Despite these limitations, they opined that Plaintiff remained capable of performing simple tasks. (*Id.*). Finding their opinions to be entitled to "great weight," the ALJ agreed that Plaintiff would have "moderate" limitations. To accommodate the same, he specified in the written RFC that Plaintiff would be limited to "simple, routine work involving only occasional changes in a work setting and only occasional interaction with the public." (Tr. 23).

A vocational expert's testimony will provide substantial evidence to affirm a non-disability finding so long as all relevant limitations are included in the description of the RFC conveyed in the hypothetical question posed to the VE. *Howard v. Com'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002). Conversely, a failure to include all relevant mental limitations will render vocational expert testimony insufficient to uphold a non-disability finding. Without a full hearing transcript, the undersigned can only assume that exactly the same limitations included in the ALJ's written opinion were included at the hearing in the hypothetical formulated by the ALJ to the VE.

---

[2] The ALJ refers to these sources as "psychologists" but the electronic signatures on the initial evaluation are those of two medical doctors of unknown specialty, rather than a doctor of psychology. (Tr. 52, 56). A doctor of psychology, Mel Zwissler, Ph.D., electronically signed the denial on reconsideration. (Tr. 72). The undersigned further notes that it is unclear whether either of the consultants had access to records beginning in August 2010, when Plaintiff was diagnosed with bi-polar disorder and began more intensive psychological treatment.

5

Leaving aside the question of whether this Court, in the absence of a hearing transcript, can and should "assume" that the ALJ's written opinion fully corresponded to the hearing testimony, Plaintiff persuasively argues that the written RFC still falls short of the mark under controlling Sixth Circuit case law. Plaintiff acknowledges that the restriction to simple tasks addresses limitations in understanding and remembering instructions, and that the ALJ also addressed his limited ability to adapt and handle work stress by restricting him to no more than occasional changes. Likewise, Plaintiff concedes that limiting interaction with the public partially addresses his limitations in social functioning. However, Plaintiff contends that the ALJ's mental RFC fails to sufficiently address his limitations in concentration, stress tolerance, and adhering to a schedule. (Doc. 11 at 6). For example, the consulting psychologists opined that Plaintiff is capable of work with no more than "superficial" interaction with others, meaning not only members of the public (as addressed by the RFC), but Plaintiff's supervisors and co-workers as well. (Tr. 53). Even more importantly, the non-examining sources upon whom the ALJ relied stated that Plaintiff cannot perform work that includes strict production quotas.

The Sixth Circuit has held that a limitation on changes in a routine work setting simply is not equivalent to limitations in persistence and concentration, or an inability to work at a fast pace or to meet production quotas. *See generally Ealy v. Com'r*, 594 F.3d 504, 516 (6th Cir. 2010)(where medical source opinions specifically limited Plaintiff's ability to sustain attention and imposed restrictions in pace, speed and concentration, ALJ's "streamlined" hypothetical omitting those restrictions was insufficient); *Edwards v. Barnhart*, 383 F.Supp.2d 920, 930-931 (E.D. Mich. 2005)(hypothetical limiting claimant to "jobs entailing no more than simple, routine,

6

unskilled work" not adequate to convey moderate limitation in ability to concentrate, persist, and keep pace). Some of the representative jobs to which the VE presumably testified[3] in this case, including packer, general factory worker, or cleaner arguably could require a level of concentration, persistence and pace in excess of Plaintiff's capabilities. *Id.*, 383 F.Supp.2d at 931 (noting that job of packer "seems to require a degree of sustained degree of concentration, persistence and pace.").

Defendant attempts to distinguish *Ealy* on grounds that in that case, the ALJ had failed to include a very specific restriction that limited the plaintiff's ability "to sustain attention to complete simple repetitive tasks to '[two-hour] segments over an eight-hour day where speed was not critical.'" *Id.* at 516. However, the analysis of *Ealy* was not dependent on this single specific restriction, but the overall failure to account for all of the plaintiff's "moderate" restrictions in concentration, persistence and pace. Therefore, remand is required for further consideration of the impact of Plaintiff's mental limitations on his ability to work, with particular attention to Plaintiff's limitations in the areas of concentration, persistence and pace.

**2. Credibility**

Plaintiff challenges the ALJ's credibility determination in his second assertion of error. The ALJ's written opinion frequently cites to Plaintiff's hearing testimony, which the undersigned has no opportunity to review. In this case as in most, the ALJ appears to compare Plaintiff's oral testimony with other evidence of record in evaluating his credibility. Unlike in most cases, however, the undersigned cannot find a clear and

---

[3]Again, the lack of a hearing transcript by which the undersigned could otherwise confirm the existence of this presumed testimony adds to the need for remand.

7

direct statement of whether the ALJ found Plaintiff to be fully credible, partially credible, or not credible. That said, it is implicitly clear that the ALJ found Plaintiff to be only partially credible.

An ALJ's credibility assessment must be supported by substantial evidence, but "an ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Walters v. Com'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). Further, a credibility determination cannot be disturbed "absent a compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). Thus, it is proper for an ALJ to discount the claimant's testimony where there are contradictions among the medical records, his testimony, and other evidence. *Warner v. Com'r of Soc. Sec.*, 375 F.3d at 387, 392 (6th Cir. 2004).

In appearing to discount Plaintiff's credibility, the ALJ noted that "[t]here are no significant clinical or diagnostic findings of severe functional impairments, and the claimant has described daily activities that do not comport with complete disability." (Tr. 26). Regarding the written testimony offered by the Plaintiff's father and ex-wife, the ALJ found that "[s]ignificant weight cannot be given to their testimony because it, like the [plaintiff's] allegations, is simply not consistent with the preponderance of the opinions and observations by medical doctors in this case." (Tr. 26). Despite these references to finding Plaintiff's and his witnesses' testimony not to be fully credible, and according "great weight" to non-examining consulting opinions concerning Plaintiff's mental limitations, the ALJ simultaneously gave "[l]ittle weight" to the same agency consultants concerning Plaintiff's physical limitations, "because the undersigned finds

8

that the claimant's subjective [physical] complaints require greater deference and a more restrictive residual functional assessment." (Tr. 26).

The ALJ's failure to specify his credibility assessment in this case with greater detail requires remand.  While at times a succinctly stated assessment can be affirmed by reference to obvious inconsistencies between the record and a plaintiff's testimony, in this case the ALJ's lack of explication concerning his assessment, coupled with the lack of a complete hearing transcript, precludes a finding that substantial evidence exists to support the implicitly adverse determination.

### III.  Conclusion and Recommendation

For the reasons stated, the undersigned finds that remand is the most appropriate course of action on the record presented. Therefore, **IT IS RECOMMENDED THAT** Defendant's decision be **REVERSED** and remanded to the Commissioner for further review under sentence four of 42 U.S.C. §405(g), in accordance with this Report and Recommendation.  As no other matters remain pending, this case should be **CLOSED**.

 *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

WILLIAM K. FOSTER,   Case No. 1:13-cv-418

      Plaintiff,   Spiegel, J.
                                                                                             Bowman, M.J.

    v.

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

## NOTICE

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).