UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| WILLIAM K. FOSTER, | : | No. 1:13-cv-00418 |
| Plaintiff, | : | |
| v. | : | **OPINION AND ORDER** |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

This matter is before the Court on the Application by Plaintiff, through Counsel, for Fees and Expenses (and Costs) under the Equal Access to Justice Act ("EAJA") (doc. 20), to which Defendant has not responded. Plaintiff asks for a total award of $3,247.50, specifically $2,847.50 for fees ($0.00 for expenses) pursuant to 28 U.S.C. § 2412(d) and $400.00 for costs, as provided in 28 U.S.C. § 2412(a)(1).

Plaintiff seeks an award of fees and costs on the bases that he is a prevailing party (see doc. 20 at 5, citing Shalala v. Schaefer, 509 U.S. 292, 301-02 (1993)) and his allegation that the position of the United States in this litigation was not substantially justified[1] (see doc. 20 at 5-6). Plaintiff's

---

[1] The EAJA requires that a fee applicant allege that "the position of the United States was not substantially justified." 28 U.S.C. § 2412(d)(1)(B). But "[t]he burden of establishing 'that the position of the United States was substantially justified[]' . . . must be shouldered by the Government." Scarborough v. Principi, 541 U.S. 401, 414-15 (2004) (construing 28 U.S.C. §

1

attorney has attached to the instant Application her own affidavit in which she details her considerable professional experience as a social security disability law practitioner (doc. 20, Attachment 1), as well as an itemized report of the time she has spent on this matter (doc. 20 at 10 (Plaintiff's Schedule A)). She asks that this Court approve her 16.75 hours diaried at an adjusted average hourly rate of $170.00.

By its terms the EAJA limits attorney fees to $125 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). Notably, the Commissioner has not challenged the $170.00 hourly rate requested and we recognize that we previously have awarded fees at this hourly rate to Ms. Pehowic as counsel for other social security claimants (see, e.g., Godby-Dean v. Comm'r of Soc. Sec., No. 1:12-cv-734 (S.D. Ohio Apr. 4, 2014) (doc. 27); Tennyson v. Comm'r of Soc. Sec., No. 1:10-cv-160 (S.D. Ohio Sept. 21, 2011) (doc. 27)), as has at least one of our other colleagues sitting in the Western Division (see, e.g., Wagner v. Comm'r of Soc. Sec., No. 1:10-cv-784, 2012 WL 1224736, at *2

---

2412(d)(1)(A)) (quoting Pierce v. Underwood, 487 U.S. 552, 567 (1988) (emphasis added)). In this case, Defendant's failure to file any response to Plaintiff's Application obviously amounts to a failure to meet its burden.

(S.D. Ohio Apr. 11, 2012) (Report & Recommendation), adopted, 2012 WL 1656973, at *1 (S.D. Ohio May 10, 2012) (Dlott, J.)). In similar fashion, we also have awarded the same hourly rate (or higher) to other members of the local social security disability bar (see, e.g., Schott v. Comm'r of Soc. Sec., No. 1:12-cv-918 (S.D. Ohio Mar. 18, 2014) (doc. 21); Zellner v. Astrue, No. 1:10-cv-812 (S.D. Ohio Jan. 30, 2012) (doc. 16)), as have certain of our colleagues sitting in the Western Division (see, e.g., Caldwell ex rel. K.S. v. Comm'r of Soc. Sec., No. 1:12-cv-743, 2013 WL 4830953, at *8 (S.D. Ohio Sept. 13, 2013) (Report & Recommendation (gathering cases)), adopted, 2013 WL 5521960, at *1 (S.D. Ohio Oct. 3, 2013) (Dlott, J.); Childers v. Astrue, No. 3:10-cv-154, 2011 WL 3911098 (S.D. Ohio Sept. 6, 2011) (Black, J.)).

Upon consideration, the Court finds that both the hours expended, 16.75, and the amount sought per hour, $170.00, are reasonable. Accordingly, the Court GRANTS Plaintiff's Application for Fees and Expenses (and Costs) and AWARDS to him attorney fees in the amount of $2,847.50 under 28 U.S.C. § 2412(d) and costs in the amount of $400.00 under 28 U.S.C. § 2412(a)(1), for a total award of $3,247.50, such award to be credited toward his attorney's contingency fee should he ultimately receive disability insurance benefits ("DIB") pursuant to this claim. No later than fourteen (14) days from

3

the date this ORDER is docketed, the Commissioner will determine whether Plaintiff William K. Foster owes the United States a pre-existing debt.  If Plaintiff owes no pre-existing debt subject to offset, the AWARD shall be made payable to Plaintiff's attorney, Shoshana R. Pehowic, Esq., of the firm O'Connor, Acciani & Levy. If the Plaintiff does owe a pre-existing debt, the AWARD shall be offset by the amount of the debt, with any REMAINDER then to be paid to Plaintiff's attorney.

  SO ORDERED.


Dated: October 23, 2014 s/S. Arthur Spiegel_____
          S. Arthur Spiegel
          United States Senior District Judge